JESSE S. HEARD, Judge ad hoc.
Excel Finance Mid City, Inc., a corpora-ti )n organized under the Small Loan Act,[1] sues the defendant, B. P. (Bert Preston) Bannister for the sum of $269'.09 and interest at the rate of three and one-half per cent per month on the unpaid balance in excess of $150.00 from January 6, 1961 until June 2, 1962, with eight per cent interest thereafter until paid with twenty-five per cent attorney’s fees on the aggregate of principal and interest and all costs.
The plaintiff alleges that it is the holder of a $300.00 note executed by the defendant on November 2, 1960, payable in monthly installments of $25.00 each, beginning December 1, 1960, with a final installment of $150.00. Payments have been made on the note leaving a balance due of $269.09.
The defendant admits his signature and alleges that he executed on April 15, 1959, a note for $300.00, of which the plaintiff was the holder; that on November 2, 1960, he entered into a compromise agreement with the defendant in which he signed a new note dated November 9, 1960 for $300.00. He paid $150.00 on the new note and was to pay the remainder in six (6) $25.00 monthly installments beginning December 1, 1960 with no interest to be charged. In compliance with the agreement of compromise, he paid $150.00 on November 2, 1960 but instead of crediting the note of that date with the payment, the defendant credited the note' dated April 15, 1959. Defendant further sets forth in his answer that he made two (2) $25.00 payments on the note, the first on December 5, 1960 and the the second on January 6, 1961, which were credited to the interest on the new note, contrary to the agreement of compromise.
Judgment was rendered in the lower court in favor of the plaintiff, Excel Finance Mid City, Inc., and against the defendant, B. P. (Bert Preston) Bannister, for the sum of $100.00 with legal interest from judicial demand until paid, the plaintiff to pay all costs, $100.00 being admitted by the defendant as being owed by him to the plaintiff. From this judgment the plaintiff took a suspensive and devolutive appeal.
*670 The only issue presented is one of fact— whether a compromise was entered into by and between the plaintiff and defendant.
On trial of the case the evidence revealed that the defendant obtained a loan from the plaintiff and gave his note in the amount of $300.00 on April 15, 1959. Due to the fact that he was out of work and out of town, he made no payments on this note. He was notified by the plaintiff finance ■company to come by their office and make some arrangements about the note, which he did on June 2, 1960. The defendant testified that an agreement was entered into in which a new note was made in the amount of $300.00 with no interest, on which he was to pay $150.00 and the remainder in installments of $25.00 per month. There was a delay in closing the loan and the defendant was requested to come back in approximately three days to close the matter. At that time he signed a note in blank with the understanding that it would ibe filled in by the plaintiff company. After this note was signed, there was found to be an error in its drafting and it was torn up ■and a new one signed in its place. The defendant stated at that time he paid $150.-■00, partly in cash and the remainder by a ■check. Patricia Junea, an employee at the office, made up a receipt and the defendant asked her to write on the back of the receipt their agreement, which she did. The notation on the back of the receipt states:
“#14860 paid in full; #166635 payable one hundred and fifty dollars and 6 twenty-five each, takes the place of this loan.
Excel Finance Company by J. Sands”
On December 5, 1960, the defendant mailed a payment of $25.00 and on January 5, 1961, paid an additional $25.00. At that time he received a receipt indicating a balance of $269.09, which he protested as not being in compliance with their agreement, resulting in this litigation.
Mrs. Junea, the plaintiff’s employee, ■stated in her testimony that she typed the receipt and recalled that the note of November 2, 1960 was to bear no interest.
Mr. Jack Sands, manager of the plaintiff corporation, denied such a compromise.
In view of the testimony of the defendant and that of the plaintiff’s employee, Mrs. Junea, the Court is of the opinion that there is no manifest error in the finding of the lower court and its judgment is affirmed.
Affirmed.

. LSA-R.S. 6:571 et seq.